UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| NEURO-COMMUNICATION SERVICES, INC. d/b/a HEARING INNOVATIONS, individually and on behalf of all others similarly situated, | Judge Benita Y. Pearson |
| Plaintiff, | Case No.: 4:20-cv-1275 |
| v. | |
| THE CINCINNATI INSURANCE COMPANY; THE CINCINNATI CASUALTY COMPANY; AND THE CINCINNATI INDEMNITY COMPANY, | |
| Defendants. | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO CERTIFY QUESTIONS OF LAW TO THE SUPREME COURT OF OHIO**

**I.      INTRODUCTION**

A threshold requirement for coverage here is that there be direct physical loss to property. Cincinnati's motion to dismiss, filed together with this motion, demonstrates why there is no insurance coverage for the claims asserted by Neuro-Communication Services, Inc. D/B/A Hearing Innovations ("Neuro-Communications" or "Plaintiff"). (*See* Compl., ECF Doc. # 1.) This is because the relevant coverages require direct physical loss to property in order for Neuro-Communications to be entitled to any of the coverages it sues for. As set out in Cincinnati's dismissal brief, *Mastellone v. Lightning Rod Mutual Insurance Co.*, 175 Ohio App. 3d 23, 2008-Ohio-311, 884 N.E.2d 1130 (2008) (Stewart, J.)[1] establishes that there is no direct physical loss

---

[1] *Mastellone* was decided by Judge Melody Stewart, who since that case was decided became a justice of the Ohio Supreme Court.

where there is no structural damage to property, or where a contaminating substance can be quickly, easily, and inexpensively cleaned off of property.

Despite *Mastellone*, Plaintiff alleges that the general presence in the community of a virus and the government's response to the virus somehow constitute direct physical loss to all property in the community. (Compl., ECF Doc. # 1, PAGEID # 10, ¶¶ 29-30.) This case is not the only one of its type filed against Cincinnati in Ohio.[2] Indeed, scores of similar cases have been filed against

---

[2] *See, e.g.*, *The Ensemble Theatre Cincinnati v. The Cincinnati Ins. Co., et al.*, Hamilton C.P. A2002536 (July 16, 2020); *CLJ Inc. DBA Giovanni's Ristorante v. The Cincinnati Ins. Co.*, Cuyahoga C.P. No. CV-20-934921 (July 15, 2020); *Kenneth M. Sirocky DDS, MAGD v. The Cincinnati Ins. Co.*, Cuyahoga C.P. No. CV-20-934922 (July 15, 2020); *Rock the House Entm't Grp., Inc. v. Cincinnati Ins. Co.*, Cuyahoga C.P. No. CV-20-934917 (July 15, 2020); *STP Rest., Inc. DBA Mallorca Rest. v. Cincinnati Ins. Co.*, Cuyahoga C.P. No. CV-20-934914 (July 15, 2020); *Steelial Welding & Metal Fab. Inc. v. Cincinnati Ins. Co.*, Cuyahoga C.P. No. CV-20-934928 (July 15, 2020); *Francois, Inc. d/b/a Chez Francois Restaurant v. The Cincinnati Ins. Co.*, Lorain C.P. No. 20CV201416 (July 6, 2020); *Landerhaven Dental Assocs., Joseph R. Leon, DMD, Inc. v. The Cincinnati Ins. Co.*, Cuyahoga C.P. No. CV-20-933743 (June 23, 2020); *Kanan Enters, Inc. v. The Cincinnati Ins. Co.*, Cuyahoga C.P. No. CV-20-933493 (June 17, 2020); *Blarney, Inc. d/b/a Murphy's Pub v. The Cincinnati Ins. Co., et al.*, Hamilton C.P. No. A2001974 (May 22, 2020); *Carpe Diem Coffee Shop, Inc. v. The Cincinnati Ins. Co.*, Stark C.P. No. 2020CV00814 (May 21, 2020); *iAthlete & Fitness, LLC d/b/a Results Fitness v. The Cincinnati Ins. Co.*, Cuyahoga C.P. No. CV-20-932683 (May 19, 2020); *Saucy Brew Works LLC v. The Cincinnati Ins. Co.*, Cuyahoga C.P. No. CV-20-932532 (May 12, 2020); *Queen's Tower Restaurant, Inc. d/b/a Primavista, v. Cincinnati Fin. Corp., et al.*, Hamilton C.P. No. A2001747 (May 1, 2020); *Nighttown, Inc. v. The Cincinnati Ins. Co., et al.*, Cuyahoga C.P. No. CV-20-932070 (Apr. 23, 2020); *Troy Stacy Enters., Inc. v. The Cincinnati Ins. Co.*, No. 1:20-cv00312-MWM (S.D. Ohio Apr. 19, 2020); *Millenia Hospitality Group, LLC Rose Mar, Ltd d/b/a The Lockkeepers v. The Cincinnati Ins. Co.*, Cuyahoga C.P. No. CV-20-931791 (Apr. 9, 2020); *SSF II, Inc. and Spartan Stir Fry, Inc. v. The Cincinnati Ins. Co.*, Franklin C.P. No. 20 CV 002644 (Apr. 8, 2020); *Mitchell Bros. Ice Cream Inc., et al. v. The Cincinnati Ins. Co.*, Cuyahoga C.P. No. CV 20 931683 (Apr. 3, 2020).

insurers in Ohio courts.[3] More are sure to follow, and the direct physical loss issue has been, and will continue to be, front and center in all those other cases.

This Court is permitted to certify outcome-determinative questions like the direct physical loss question directly to the Ohio Supreme Court. Ohio S. Ct. Prac. R. 9.01, *et seq*. The United States Supreme Court has encouraged such procedures be utilized in cases governed by state law. *Arizonans for Official English v. Az.*, 520 U.S. 43, 79-80 (1997). And, the time to seek certification in this case is now. *See City of Cols., Ohio v. Hotels.com, L.P.*, 693 F.3d 642, 654 (6th Cir. 2012) ("The appropriate time to seek certification of a state-law issue is before a District Court resolves the issue, not after receiving an unfavorable ruling.") (internal citation omitted).

By filing this motion together with its dismissal motion, Cincinnati seeks to afford this Court a choice. Of course, Cincinnati believes that the complaint should be dismissed, with prejudice, based on *Mastellone*. But, the Court could also conclude that the direct physical loss issue should be determined by the Ohio Supreme Court so that the state's highest court may rule on this issue. In that event, the Court could grant this motion for certification rather than address the dismissal motion.

---

[3] *See, e.g.*, *Torre Rossa LLC v. Liberty Mut. Ins.*, No. 1:20-cv-01095 (N.D. Ohio May 19, 2020); *Dakota Girls, LLC v. Phila. Indem. Ins. Co.*, No. 2:20-cv-02035 (S. D. Ohio April 22, 2020); *Bridal Expressions, LLC v. Owners Ins. Co.*, No. 1:20-cv-00833-SO (N.D. Ohio April 17, 2020); *MIKMAR, Inc., et al. v. Westfield Ins. Co., et al.*, Lake C.P. No. 20 CV 000646 (May 14, 2020); *Equity Planning Corp. v. Westfield Ins. Co.*, Cuyahoga C.P. No. CV 20 932122 (April 27, 2020); *Dino Palmieri Salons Inc. v. State Auto. Mut. Ins. Co. dba State Auto Ins. Cos.*, Cuyahoga C.P. No. CV-20-932117) (April 26, 2020); *System Optics, Inc. dba Novus Clinics v. Twin City Fire Ins. Co.*, Summit C.P. No. CV 2020 04 1279 (April 15, 2020); *Somco, LLC dba J3 Clothing Co. v. Lightning Rod Mut. Ins. Co.*, Cuyahoga C.P No. CV 20 931763 (April 8, 2020); *see also* Robert Wang, *Stark and Summit restaurants, bars suing insurers over coronavirus claims*, AKRON BEACON JOURNAL, May 21, 2020, https://www.beaconjournal.com/business/20200521/stark-and-summit-restaurants-bars-suing-insurers-over-coronavirus-claims (accessed June 1, 2020) (collecting cases).

## II.    LAW AND ARGUMENT

The Ohio Supreme Court emphasizes the value of the certification procedure: "[t]o the extent that a federal court applies different legal rules than the state court would have, the state's sovereignty is diminished." *Scott v. Bank One Trust Co.*, 577 N.E.2d 1077, 1080 (Ohio 1991).

Similarly, the Sixth Circuit has recognized that "[s]ubmitting uncertain questions of state law to the state's highest court by way of certification acknowledges that court's status as the final arbiter on matters of state law and avoids the potential for 'friction-generating error' which exists whenever a federal court construes a state law in the absence of any direction from the state courts." *Planned Parenthood of Cincinnati Region v. Strickland*, 531 F.3d 406, 410 (6th Cir. 2008), *certified question answered sub nom. Cordray v. Planned Parenthood Cincinnati Region*, 911 N.E.2d 871 (Ohio 2009). Furthermore, "[c]ertification 'avoids the hazards of attempting to forecast' how a state court might rule, and 'saves time, energy, and resources and helps build a cooperative judicial federalism.'" *Arbino v. Johnson & Johnson*, 2006 WL 1720538, at *1 (N.D. Ohio June 20, 2006) (quoting *Arizonans for Official English v. Ariz.,* 520 U.S. 43, 77 (1997) *(per curiam)* (citations omitted)). Thus, "federal courts also have a vital interest in certification." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 719 (6th Cir. 1994).

### A.    Standard for Certification of Questions of Law is Met Here.

Certification is proper if: (1) there is a question of Ohio law; (2) that may be determinative of the proceeding; and (3) for which there is no controlling precedent in the decisions of the Ohio Supreme Court. Ohio S. Ct. Prac. R. 9.01(A). The decision to certify is within this Court's discretion. *Lehman Bros. v. Schein,* 416 U.S. 386, 391 (1974); *Antioch Co. Litig. Tr. v. Morgan*, 633 F. App'x 296, 304 (6th Cir. 2015) ("But, whether to invoke a state court's procedure for certifying a question of state law is a matter within this court's sound discretion . . . ."); *Ohioans*

4

*Against Corp. Bailouts, LLC v. LaRose*, 417 F. Supp. 3d 962, 975 (S.D. Ohio 2019) (certifying pertinent issues of Ohio state law to Ohio Supreme Court); *see also Scott*, 577 N.E.2d at 1079 (holding that the Ohio Supreme Court's power to answer certified questions "exists by virtue of Ohio's very existence as a state in our federal system"). Certification should be sought before a substantive ruling by the District Court. *City of Cols.*, 693 F.3d at 654.

For the reasons stated below, certification is warranted in this case.

### 1. The determinative issue is purely a question of state law.

First, the direct physical loss issue is an Ohio law issue. It needs to be decided for the benefit of Ohio citizens. *See Scott*, 577 N.E.2d at 1079-80 ("Since federal law recognizes Ohio's sovereignty by making Ohio law applicable in federal courts, the state has the power to exercise and the responsibility to protect that sovereignty. If answering certified questions serves to further the state's interests and preserve the state's sovereignty, the appropriate branch of state government—this court—may constitutionally answer them.").

Also, each of the Cincinnati Defendants is an Ohio corporation with its principal place of business in Ohio. The Plaintiff is an Ohio corporation, with its principal places of business in Ohio. The insurance policy at issue was issued in Ohio. (Compl., ECF Doc. # 1, PAGEID # 3, ¶ 8; PAGEID # 4, ¶ 11.) Given these facts, Ohio law will govern the substantive issues in this case. *See Nationwide Mut. Ins. Co. v. Ferrin,* 487 N.E. 2d 568, 570 (Ohio 1986) (state of policy issuance bears most significant relationship to policy and governs); *Miller v. State Farm Mut. Auto. Ins. Co.,* 87 F.3d 822 (6th Cir. 1996) (same).

### 2. The questions to be certified are outcome determinative.

The insuring agreement for the Policy states, "We will pay for direct 'loss' to Covered Property at the 'premises' caused by or resulting from any Covered Cause of Loss." (Compl., ECF

Doc. # 1, PAGEID # 4, ¶ 13). "Loss" is defined as "accidental physical loss or accidental physical damage." (Compl., ECF Doc. # 1, PAGEID # 4, ¶ 13). Thus, for Business Income coverage there must be direct physical loss. Coverage under the insuring agreement for Business Income requires that the suspension of operations "must be caused by direct 'loss' to property at a 'premises' caused by or resulting from any Covered Cause of Loss." (Compl., ECF Doc. # 1, PAGEID # 5, ¶ 15).

Another coverage at issue is the Civil Authority coverage. Generally, it applies in situations where access to the insured's premises is prohibited by a government order. A key requirement for Civil Authority coverage is that there be direct physical loss to property other than property at Plaintiff's premises. (Compl., ECF Doc. # 1, PAGEID # 5-6, ¶ 17). Plaintiff alleges that the mere presence of the virus in the community and the government's response to the virus caused direct physical loss or damage to property. (Compl., ECF Doc. # 1, PAGEID # 10, ¶¶ 29-30.) As established, Cincinnati asserts otherwise.

### 3. The issue whether the presence of a virus causes direct physical loss has not been addressed by the Ohio Supreme Court.

As established, based on *Mastellone*, Cincinnati's motion to dismiss should be granted. And, the Court should treat decisions of state courts of appeals on issues of state law as authoritative absent a strong showing that the state's highest court would decide the issue differently. *See In re Akron-Cleveland Auto Rental, Inc.*, 921 F.2d 659, 662 (6th Cir. 1990). Nonetheless, the standard for certifying a question under Rule 9.01(A) is whether the Ohio Supreme Court has ruled on the issue. It has not ruled on the direct physical loss issue. Therefore, certification is appropriate.

### B. Other factors favor certification to the Ohio Supreme Court.

Courts granting certification have recognized the need for expedient high court review of case determinative issues. Certification can reduce delay and save expense. *See, e.g.*, *Jones v.*

*Coleman*, 848 F.3d 744, 750 (6th Cir. 2017). In *Lincoln Electric Co. v. Travelers Casualty & Surety Co.,* No. 1:11-cv-02253 (N.D. Ohio July 3, 2013), the District Court granted certification and emphasized that only the Ohio Supreme Court could avoid needless future litigation. "[T]here is a high likelihood that, in the absence of controlling precedent from the Supreme Court of Ohio, this question of law will be relitigated at great cost in insurance actions in state and federal court." (1:11-cv-02253, Doc. # 113, PAGEID # 13426-27).[4]

The nature of this asserted class action case helps establish the need for certification. Plaintiff's complaint addresses a coverage question being challenged by many other Cincinnati insureds in many other cases in Ohio. Also, there are numerous other, similar Ohio cases against other insurers. Litigation of an asserted class action can be protracted, with each side having the opportunity to appeal from class certification rulings, delays associated with necessary class notice if a class is certified, extended pre-trial schedules to address class discovery and merits issues, class trial, and the likelihood of appeal from the ultimate resolution on the merits. An Ohio Supreme Court decision on the direct physical loss issue would permit Ohio courts to resolve or narrow these cases early, thus saving the courts' and litigants' resources.[5]

Moreover, certification of the questions presented is the quickest, most efficient way of affording the Ohio Supreme Court the opportunity to rule in this area. As the United States Supreme Court said, certifying a question to a state supreme court can "save time, energy and resources and help[] build a cooperative judicial federalism." *Lehman Bros.*, 416 U.S. at 390.

---

[4] This Court may take judicial notice of the order entered in and docket of *Lincoln Electric*. *See Slusher v. Reader*, 2019 WL 1384423, at *4 (S.D. Ohio Mar. 27, 2019) (collecting cases).
[5] A speedy, definitive answer is needed for the further reason that the policy premiums Cincinnati Insurance, and other insurers, charge for these coverages do not account for claims based upon virus caused business interruption or civil authority coverage claims.

**III. CONCLUSION**

There is no doubt that Plaintiff's complaint should be dismissed, inter alia, because the general presence of the virus is not direct physical loss. However, certification is justified by the broader, statewide impact of a Supreme Court decision on this issue. For this reason, certification would save time, energy, and resources over a host of cases. Accordingly, in the interests of federalism and judicial economy, Cincinnati moves this Court to certify the direct physical loss questions stated in its motion to the Ohio Supreme Court.

Dated:  August 3, 2020                                  Respectfully submitted,

*/s/Michael K. Farrell*
Michael K. Farrell (0040941)
Daniel M. Kavouras (0089773)
BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Phone 216-621-0200
Fax 216-696-0740
mfarrell@bakerlaw.com
dkavouras@bakerlaw.com

Rodger L. Eckelberry (0071207)
BAKER & HOSTETLER LLP
200 S. Civic Center Dr., Suite 1200
Columbus, OH 43215-4260
Telephone: 614.228.1541
Facsimile: 614.462.2616
reckelberry@bakerlaw.com

Marisa A. Pocci (0077889)
LITCHFIELD CAVO LLP
3993 Howard Hughes Parkway
Las Vegas, Nevada 89169
Suite 100
Tel:  (702) 949-3100
Fax:  (702) 916-1776

*Attorney for Defendants,*

*The Cincinnati Insurance Company, The Cincinnati Casualty Company, and The Cincinnati Indemnity Company*

## **CERTIFICATE OF SERVICE**

A copy of the foregoing was filed electronically and will be served by operation of the Court's electronic filing system.

> */s/Michael K. Farrell*
> Attorney for Defendants