PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NEURO-COMMUNICATION SERVICES, INC., *etc.*, | )<br>)<br>) CASE NO. 4:20-CV-1275 |
| Plaintiffs, | )<br>) |
| | ) JUDGE BENITA Y. PEARSON |
| v. | )<br>) |
| | ) [Resolving ECF No. 10] |
| THE CINCINNATI INSURANCE COMPANY; THE CINCINNATI CASUALTY COMPANY; AND THE CINCINNATI INDEMNITY COMPANY, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

---

**ORDER OF CERTIFICATION TO THE SUPREME COURT OF OHIO**

---

Pursuant to Section 9 of the Rules of Practice of the Supreme Court of Ohio, the United States District Court for the Northern District of Ohio, Eastern Division, hereby certifies a question of state law to the Supreme Court of Ohio. No controlling precedent of the Supreme Court of Ohio answers this question. For reasons explained in more detail below, the Court requests that the Supreme Court of Ohio answer the certified question of state law asked in this Certification Order.

**I.      Name of the Case**

The name of the case is *Neuro-Communication Services, Inc. v. Cincinnati Insurance Company*, No. 4:20-CV-1275 (N.D. Ohio filed June 10, 2020).

Case: 4:20-cv-01275-BYP Doc #: 43 Filed: 01/19/21 2 of 6. PageID #: 1008

(4:20-CV-1275)

## II. The Certified Question of Law

Does the general presence in the community, or on surfaces at a premises, of the novel coronavirus known as SARS-CoV-2, constitute direct physical loss or damage to property; or does the presence on a premises of a person infected with COVID-19 constitute direct physical loss or damage to property at that premises?

## III. Statement of Facts

### A. The Facts and Procedural History of the Instant Case

Plaintiff purchased an "all-risk" CinciPak Insurance Policy from Defendants. The policy covers "direct 'loss' to Covered Property at the 'premises' caused by or resulting from any Covered Cause of Loss." A Covered Cause of Loss is defined as a "direct 'loss'" except those that are expressly and specifically excluded or limited. A "loss" is defined as "accidental physical loss or accidental physical damage." The policy also provides civil authority coverage for business income interruption caused by a Covered Cause of Loss to property other than Plaintiff's which results in a civil authority order prohibiting access to Plaintiff's premises. The policy does not contain any specific exclusion for losses caused by viruses or pandemics.

As a result of the COVID-19 pandemic and civil authority orders issued in response, Plaintiff ceased almost all of its operations on March 23, 2020, and resumed some operations on May 4, 2020, leading to significant business income interruptions. Plaintiff submitted a claim to Defendants on March 23, 2020. Defendants denied the claim, arguing, "[t]he claim does not involve direct, physical loss to property at your premises caused by a Covered Cause of Loss."

2

(4:20-CV-1275)

Plaintiff then filed the instant suit, seeking to certify a nationwide class of insureds holding similar policies who have also been denied coverage for losses related to the pandemic.

### B. This Is an Important Question of State Law Implicating Many Cases

Dozens, if not hundreds of cases seeking coverage for losses related to the pandemic under policies similar or identical to that at issue in this case have been filed in both federal and state courts in Ohio. These cases have been filed against the Defendants in this case and against other insurers who offer similar products. As these cases wend through the various court systems, differing interpretations of Ohio contract law by different courts threaten to undermine the uniform application of that law to similarly situated litigants.

### C. The Supreme Court of Ohio Should Have The First Opportunity To Decide This Question Of State Law

Pursuant to Ohio S. Ct. Prac. R. 9.01(A), the Rule may be "invoked if the certifying court, in a proceeding before it, issues a certification order finding there is a question of Ohio law that may be determinative of the proceeding and for which there is no controlling precedent in the decisions of this Supreme Court." The decision to certify is within the sound discretion of this federal Court, and is most beneficial when there is a novel question of state law and no guidance from state courts. *Gascho v. Global Fitness Holdings, LLC*, 918 F. Supp. 2d 708, 713 (S.D. Ohio 2013). The Supreme Courts of Ohio and the United States have each instructed on the virtues of certification. "The state's sovereignty is unquestionably implicated when federal courts construe state law." *Scott v. Bank One Trust Co., N.A.*, 577 N.E.2d 1077, 1080 (Ohio 1991). "[C]ertification of novel or unsettled questions of state law for authoritative answers by a

3

(4:20-CV-1275)

State's highest court . . . may save 'time, energy, and resources and hel[p] build a cooperative judicial federalism.'" *Arizonans for Official English v. Arizona*, 520 U.S. 43, 77 (1997) (quoting *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974)).

As noted above, dozens, if not hundreds of cases implicating the question certified here are currently making their way through both the state and federal courts in Ohio. The certification procedure invoked here will allow the Supreme Court of Ohio to decide these questions and bring uniformity to the application of state law to these policies. Accordingly, this federal Court defers the opportunity to address this unresolved question of Ohio law to the Supreme Court of Ohio.

**IV.**     **The Parties**

       Neuro-Communication Services, Inc. — Plaintiff
       755 Boardman Canfield Road, Ste. C1
       Boardman, Ohio 44512

       Cincinnati Insurance Company — Defendant
       6200 S. Gilmore Road
       Fairfield, Ohio 45014

       Cincinnati Casualty Company — Defendant
       6200 S. Gilmore Road
       Fairfield, Ohio 45014

       Cincinnati Indemnity Company — Defendant
       6200 S. Gilmore Road
       Fairfield, Ohio 45014

**V.**     **Counsel for the Parties**

       Plaintiff is represented by:

       Shanon J. Carson            (PA Bar # 85957)

(4:20-CV-1275)

        Y. Michael Twersky      (PA Bar # 312411)
        Berger & Montague
        1818 Market Street
        Philadelphia, Pennsylvania 19103
        (215) 875-3052

        William A. Ladnier      (TN Bar # 034316)
        Greg Frederic Coleman  (TN Bar # 014092)
        Law Office of Greg Coleman
        800 S. Gay Street, Ste. 1100
        Knoxville, Tennessee 37929
        (865) 247-0080

Defendants are represented by:

        Daniel M. Kavouras     (OH Bar # 89773)
        Michael K. Farrell      (OH Bar # 40941)
        Baker & Hostetler — Cleveland
        127 Public Square, Ste. 2000
        Cleveland, Ohio 44114
        (216) 861-7099

        Rodger L. Eckelberry    (OH Bar # 71207)
        Baker & Hostetler — Columbus
        200 Civic Center Drive, Ste. 1200
        Columbus, Ohio 43215
        (614) 462-5189

        Laurence J. Tooth      (IL Bar # 6314153)
        Litchfield Cavo — Chicago
        303 West Madison Street, Ste. 300
        Chicago, Illinois 50505
        (312) 781-6663

        Marisa A. Pocci        (OH Bar # 77889)
        Litchfield Cavo — Las Vegas
        3993 Howard Hughes Parkway, Ste. 100
        Las Vegas, Nevada 89109
        (702) 949-3100

        Paul G. Roche          (CT Bar # 423912)

(4:20-CV-1275)

>Litchfield Cavo — Connecticut
>82 Hopmeadow Street, Ste. 210
>Simsbury, Connecticut 06089
>(860) 413-2800

**VI.	Designation of Moving Party**

The Court designates Defendant Cincinnati Insurance Company as the moving party. This designation is made because Defendant moved for certification.

### INSTRUCTIONS TO THE CLERK

In accordance with Ohio S.Ct.Prac.R. 9.03(A), the Clerk of the United States District Court for the Northern District of Ohio is directed to serve copies of this Certification Order upon counsel for the parties and to file this Certification Order under the seal of this Court with the Supreme Court of Ohio, along with appropriate proof of service.

IT IS SO ORDERED.

| | |
|---|---|
|   January 19, 2021   |   */s/ Benita Y. Pearson*   |
| Date | Benita Y. Pearson<br>United States District Judge |